UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
MAY 18 2009


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GENE E. DUDLEY, SR. | CIV 09-4024 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| BUREAU OF PRISONS, ROCK BOYD, DIANE LATIMER, GARZA, MC ELROY, BAKER | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Gene E. Dudley, Sr., has sued Defendants, Bureau of Prisons ("BOP"), Rock Boyd, Diane Latimer, Garza, Mc Elroy, and Baker, for the alleged negligent mistreatment by BOP officials of injuries suffered by Plaintiff on May 27, 2007, during an inmate softball game at the Federal Prison Camp in Yankton, South Dakota ("Yankton FPC").[1] In his Complaint, Plaintiff seeks compensation under the Federal Tort Claims Act for pain and suffering and for medical expenses incurred. Plaintiff also seeks compensation for the Government's alleged failure to provide to him adequate medical care, housing and safekeeping in accordance with 18 U.S.C. §§ 4013, 4042. Doc. 1.

Plaintiff is proceeding *pro se* and has filed a motion to proceed *in forma pauperis,* Doc. 1. Plaintiff also asks the Court to serve the summons on the defendant.

While the Court finds that Plaintiff satisfies the requirements to proceed without prepayment of fees under 28 U.S.C. § 1915(a), the Court must dismiss Plaintiffs' claims under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) provides that a Court shall dismiss a case at any time if the

---

[1]Plaintiff also sought a temporary restraining order claiming that he was denied adequate medical and other care during his rehabilitation after the injuries suffered from this same incident. *See* Civ. 08-4022. A judgment was entered on March 24, 2009, denying Plaintiff's claims on the basis that he failed to exhaust administrative remedies and on the grounds of mootness due to Plaintiff's release from custody at Yankton FPC.

court determines that the action or appeal is: (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

I.   **Federal Tort Claims Act Claim**

The Federal Tort Claims Act ("FTCA") gives federal district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b).

The FTCA provides that an "action shall not be instituted upon a claim against the United States for money damages" unless the claimant has first exhausted his administrative remedies. 28 U.S.C. § 2675(a). The exhaustion of administrative remedies is complete once a claimant has presented the claim to the appropriate Federal agency and his claim has been finally denied by the agency in writing and sent by certified or registered mail. *Id.*

Plaintiff has failed to exhaust his administrative remedies for the claim which he has asserted under the Federal Tort Claims Act. Plaintiff seeks monetary relief for the injuries sustained while he was a prisoner at Yankton FPC. While prison officials are authorized pursuant to the FTCA to award money damages for personal injuries caused by the negligent acts or omissions of Government employees, 28 C.F.R. § 543.30, Plaintiff has not filed any claim for damages with the BOP. The first administrative appeal that Plaintiff filed with the regional office indicated that Plaintiff sought the agency's "intervention" for what Plaintiff characterized as a denial of timely and appropriate medical care for his post-surgical right hip area. The agency denied Plaintiff's claim for intervention, finding that sound clinical judgment had been executed and was in accordance with the BOP's "Patient Care" policy. Plaintiff's final appeal with the national office also indicates that Plaintiff was seeking treatment intervention, not damages for his sustained injuries. The national office affirmed the denial of Plaintiff's claims for the same reasons stated by the regional appeals

2

office.

In sum, Plaintiff has not filed a damages claim with the BOP and has thus deprived the agency of an opportunity to settle the dispute. Accordingly, the Court is without jurisdiction to hear this claim.

**II.     Claims Pursuant to 18 U.S.C. §§ 4013, 4042**

The statutes cited by Plaintiffs in his Complaint, 18 U.S.C. §§ 4013, 4042, do not provide Plaintiff a cause of action for damages, but rather describe the general duties of the BOP, § 4042, and the authority of the Attorney General to support United States prisoners in non-Federal institutions, § 4013.

Plaintiff's claims are therefore dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, it is hereby ORDERED:

1)   Plaintiff's claim pursuant to the Federal Tort Claims Act is DISMISSED without prejudice for failure to exhaust administrative remedies.

2)   Plaintiff's claim pursuant to 18 U.S.C. § 4013, 4042 is DISMISSED with prejudice for failure to state a claim upon which relief may be GRANTED.

3)   Plaintiff's motion to proceed *in forma pauperis* is DISMISSED as moot.

Dated this ___ day of May, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)     DEPUTY