**FILED**

**JAN 24 2012**

[Clerk signature]

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GENE E. DUDLEY, SR., | ) | Civ. 09-4024-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Gene E. Dudley, Sr., moves for reconsideration of this court's order granting summary judgment to the United States. The United States opposes Dudley's motion.

## DISCUSSION

This Court granted dismissed some of Dudley's claims and granted summary judgment in favor of the United States on the remaining claims on October 25, 2011. Some of Dudley's claims were dismissed because the private liability analog of the Federal Tort Claims Act (FTCA) bars his claims against Bureau of Prisons' staff members who responded to his injury, transported him, and delivered him to P.A. Baker, the physician's assistant on duty. The United States was entitled to summary judgment on Dudley's claims against P.A. Baker because Dudley failed to produce expert medical testimony, which is required under South Dakota law to prove a medical malpractice claim.

A motion to reconsider is not recognized under the Federal Rules of Civil Procedure. Dudley has not cited any legal authority supporting his motion. When the moving party fails to specify the rule under which it makes a motion for reconsideration, that party leaves the characterization of the motion to the court. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th

Cir. 1988). Federal courts have construed this type of motion as a motion to alter or amend the judgment under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986). Thus, the court will analyze Dudley's motion under both rules.

### A.     Rule 59(e)

"[A]ny motion that draws into question the correctness of the judgment is functionally a motion under Fed. R. Civ. P. 59(e), whatever its label." *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986) (internal citations omitted). Rule 59(e) of the Federal Rules of Civil Procedure was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following the entry of judgment. *Norman v. Ark. Dep't of Education*, 79 F.3d 748, 750 (8th Cir. 1996). Rule 59(e) provides a deadline for motions to "alter or amend," but it does not specify the standards for alteration or amendment. *See* Fed. R. Civ. P. 59(e). In the Eighth Circuit, a court must find a "manifest error" of law or fact in its ruling to alter or amend its judgment under Rule 59(e). *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). But Rule 59(e) motions may not be used to introduce evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to the entry of judgment. *Id. See also Baker v. John Morrell & Co.*, 266 F. Supp. 2d 909, 919 (N.D. Iowa 2003). A party may also move to alter or amend judgment to present newly discovered evidence. *Hagerman*, 839 F.2d at 414. To prevail in a Rule 59(e) motion to present newly discovered evidence, "the movant must show that: (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering

the evidence would probably produce a different result." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

Dudley has not identified a "manifest error" of law or fact and presents no new facts or evidence in his motion for reconsideration. Rather, his motion rehashes the same arguments the Court has already rejected. Thus, his motion may be denied. *See, e.g., Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (finding no abuse of discretion in denying Rule 59 motion because the motion "merely restated the arguments [the plaintiff] made in opposition to [the defendant's] summary judgment motion and provided no additional reasons why summary judgment was appropriate."). More specifically, Dudley argues that the court erred in finding his injury on the softball field was a medical emergency. But this claim is contradicted by Dudley's complaint. In paragraph 9 of his complaint, Dudley claims that Officer Garza acted improperly in "an obvious medical emergency." "A party is bound by what it states in its pleading . . .judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Knudsen v. United States*, 254 F.3d 747, 752 (8th Cir. 2001) (internal citations omitted). Dudley's next claim is that P.A. Baker was off campus between the hours of 8 a.m. and 4 p.m. the day of Dudley's injury. Dudley claims that the United States stipulated to this contention, but the record refutes his claim. This claim was not included in Dudley's administrative tort claim and is subject to dismissal on that ground alone. *See* Docket 42-2, Administrative Tort Claim; *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (finding that the district court lacked jurisdiction to consider a FTCA claim that the plaintiff failed to included in the administrative charge). Dudley's third argument is that the entry of summary judgment was

3

premature because he has witnesses who would offer medical testimony in support of his case. But Dudley's medical witnesses, i.e. the providers who treated him, have not been designated as experts, have not provided expert reports, and cannot, therefore, testify regarding the elements of malpractice that Dudley needs to prove in order to establish his case. *See Brooks v. Union Pacific R.R. Co.*, 620 F.3d 896, 900 (8th Cir. 2010) (holding that district court properly excluded causation opinion of treating physician for failure to comply with expert disclosures under Fed. R. Civ. P. 26(a)(2)). Dudley's next contention is that the entry of summary judgment was premature because he filed a "response" to the United State's summary judgment reply. *See* Docket 101, Plaintiff's Response. But the local rules of practice do not provide for a surreply. *See* D.S.D. L. R. 7.1B. Dudley did not move for leave to file a surreply and has cited no authority requiring the court to wait for one before issuing summary judgment. Finally, Dudley's surreply simply reinterates his previous arguments and offers nothing that would allow his claim to survive summary judgment. Finally, Dudley argues that the United States stated that the alleged Motrin overdose was the only remaining issue. But the United States argued and the Court found the opposite: that the Court lacked jurisdiction because Dudley failed to raise the issue in his complaint.

Dudley has not shown a manifest error of law or fact or identified new evidence in support of his claims. Therefore, he is not entitled to relief under Rule 59(e) and his motion is denied.

**B. Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment for the following reasons:

>   (1)   mistake, inadvertence, surprise, or excusable neglect;
>
>   (2)   newly discovered evidence, that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4)   the judgment is void;
>
>   (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief will not be granted under Rule 60(b) merely because a party is unhappy with the judgment." 11 Charles A. Wright, et. al., *Federal Practice and Procedure* § 2858 (2d ed. 1995). Rather, a party must satisfy one or more of the grounds set forth under Rule 60(b).

Dudley has not argued that any of the grounds justifying relief under Rule 60(b)(1)-(5) apply to him. Thus, the court will analyze his motion under 60(b)(6), which states that a court may relieve a party from judgment for any other reason that justifies relief. "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Relief under this rule is "exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.' " *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 868 (8th Cir. 2007) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). "Exceptional circumstances are not present every time a party is subject to potentially unfavorable

5

consequences as the result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

As discussed previously, Dudley's motion raises no new arguments and does not identify exceptional circumstances justifying relief. Conversely, his motion rehashes arguments previously presented to the Court. Accordingly, Dudley has failed to show exceptional circumstances and is not entitled to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Therefore, it is

ORDERED that Dudley's motion for reconsideration (Docket 104) is denied.

Dated this 24th day of January, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY

6